ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
hThe Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations that respondent entered into an improper business transaction with a client and notarized a will which was not signed by the testator in his presence. Following the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline, in which the parties stipulated that respondent has violated Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.8(a) (entering into a business transaction with a client), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Skipper M. Drost, Louisiana Bar Roll number 5084, be and he hereby is suspended from the practice of law for two years, with all but ninety days deferred, followed by a two-year period of supervised probation governed by the terms and conditions set forth in the Petition for *908 Consent Discipline. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be | ¡^grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
IT IS FURTHER ORDERED all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.